UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICARDO CARRILLO | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| VERSUS | § | |
| | § | |
| MAISON INSURANCE COMPANY | § | |
| | § | |
| Defendant | § | |

## DEFENDANT MAISON INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant MAISON INSURANCE COMPANY in Cause No. 2019CCV-61198-1, pending in the County Court of Law Number 2 of Nueces County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Corpus Christi Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.1     On or about July 16 2019, Plaintiff filed his Original Petition in the matter styled *Ricardo Carrillo v. Maison Insurance Company,* Cause No. 2019CCV-61198-1, pending in the

1

County Court of Law Number 1 of Nueces County, Texas, in which Plaintiff made a claim for damages to their home under a homeowner's policy with Maison Insurance Company.

1.2     Plaintiff served Defendant MAISON INSURANCE COMPANY ("MAISON") with their Original Petition and process on July 26, 2019, by certified mail through its registered agent, CT Corporation System.  This was the first pleading served on Defendant.

1.3     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in the state court. Attached as Exhibit "B" is all documents in Defendant's possession and filed in the state court action are attached as Exhibits "B-1" through Exhibit "C" as identified on the Index of Documents.

## II.
## BASIS OF REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446.

### A.     THE PARTIES ARE OF DIVERSE CITIZENSHIP.

2.3     Plaintiff are, and were at the time the lawsuit was filed, natural persons and residents of Nueces County in the State of Texas and thus, are citizens of Texas. *See* Plaintiff's Original Petition. ¶ 2. On information and belief, Plaintiff intend to continue residing in Texas and are thus domiciled in Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir.

2011) (evidence of a person's place of residence is *prima facie* proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of charge)

      2.4      Defendant MAISON INSURANCE COMPANY was, and at the date of this Notice, remains, an insurance company incorporated and existing under the laws of the State of Louisiana and having its domicile in Louisiana and principal offices in Baton Rouge, Louisiana and Tampa, Florida. Accordingly, MAISON is a citizen of a state other than Texas and is therefore, diverse from Plaintiff.

      **B.      THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

      2.5      In determining the amount in controversy, the court may consider "policy limits…penalties, statutory damages, and punitive damages."[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.,* 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

---

[1] Plaintiff's policy limits exceed $75,000 and satisfy the jurisdictional amount.

3

2.6     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff allege that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiff's claim.

2.7     Plaintiff's Original Petition states that Plaintiff's roof, interior, exterior fence and outbuildings all sustained "extensive damage" during the hurricane, ¶ 10. Plaintiff seeks damages for mental anguish. *See* Plaintiff's First Amended Petition, ¶¶ 46. Plaintiff seeks three times actual damages. *See* Plaintiff's Original Petition, ¶¶ 46. Plaintiff seek attorneys' fees.[2] *See* Plaintiff's Original Petition, ¶ 45. Plaintiff seek 18% interest. *See* Plaintiff's Original Petition, ¶ 47. Plaintiff seeks such compensatory damages, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress." *See* Plaintiff's Original Petition, ¶ 48. Plaintiff seeks to be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, and costs of court. *See* Plaintiff's Original Petitions, ¶49. As such, Plaintiff's claim for compensatory, treble and exemplary damages, attorney's fees, penalties, and interest greatly exceeds $75,000.00.

2.8     The Prayer for Relief in Plaintiff's Original Petition alleges that "[i]n accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000, The Prayer for Relief also reiterated that Plaintiff asked for recovery of actual damages together with treble damages, punitive and exemplary damages, attorneys' fees, costs and interest.

---

[2] Regardless of the amount of actual damages sought, claims for attorney's fess through trial in a case of this nature can be significant. *See State Farm Lloyd's v. Hanson,* No. 14-15-0093-CV (Tex. App. Houston [14th Dist.] June 30, 2016).

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant MAISON INSURANCE COMPANY was served with Plaintiff's First Amended Petition and process on July 26th, 2019. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. § 1446 (d), a true and correct copy of this Notice of Removal will be filed with the County Clerk of Law Number 1, Nueces County, Texas, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant MAISON INSURANCE COMPANY hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**BARRY & COMPANY, LLC**

/s/ *Stephen R. Barry*
STEPHEN R. BARRY
*A Professional Law Corporation*
(TX Bar Roll No. 24082195)
Southern District of Texas Federal ID No. 3205201
612 Gravier Street
New Orleans, Louisiana 70130
Telephone:  (504) 525-5553
Facsimile:  (504) 525-1909
Email:  sbarry@barrylawco.com
***Attorneys for MAISON INSURANCE COMPANY***

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

( )  Hand Delivery                  ( )  Prepaid U.S. Mail
( )  Facsimile                      ( )  Federal Express
( )  Electronic Mail            ( )  PACER or other Court notification

New Orleans, Louisiana this 26th day of August, 2019.

/s/ *Stephen R. Barry*
**STEPHEN R. BARRY**

6