Filed
7/16/2019 7:53 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019CCV-61198-1

| | | |
|---|---|---|
| RICARDO CARRILLO<br>Plaintiff, | § § § | IN THE COUNTY COURT |
| v. | § § | AT LAW NUMBER ____ |
| MAISON INSURANCE COMPANY<br>Defendants. | § § § § § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ricardo Carrillo ("Plaintiff or Carrillo"), and files this *Plaintiff's Original Petition*, complaining of Maison Insurance Company ("Maison" or "Defendant"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of its suit.

### PARTIES

2. Plaintiff Ricardo Carrillo is an individual residing in Nueces County.



EXHIBIT B

3. Defendant Maison Insurance Company ("Maison") is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with process by certified mail, return receipt requested through its Attorney for Service, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant Maison because the defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

## VENUE

6. Venue is proper in Nueces County, Texas, because the insured property is situated in Nueces County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7. Plaintiff is the owner of a Maison Policy number 476582 (hereinafter referred to as "the Policy"), which was issued by Maison.

8. Plaintiff owns the insured property, which is specifically located at 7038 Wakeforest Dr., Corpus Christi, TX 78413, in Nueces County (hereinafter referred to as "the Property").

9. Maison sold the Policy insuring the Property to Plaintiff.

10. On or about August 25, 2017, a massive hurricane struck Nueces County, Texas, causing significant damage to many homes and businesses throughout the region, including Plaintiff's property. Plaintiff's roof, interior, exterior fence and outbuildings all sustained extensive damage during the hurricane. Shortly after the hurricane, Plaintiff submitted a claim to Maison against the Policy for the damage to the Property sustained as a result of the storm. Plaintiff asked that Maison cover the cost of repairs to the Property pursuant to the Policy.

11. The claim number assigned by Maison is 8204.

12. Defendant Maison assigned an adjuster to the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a reasonable or adequate inspection of the damages. During the course of the inspection, the adjuster made the executive decision to deny most of Plaintiff's covered damages. The adjuster refused to address many of the damages reported by the Plaintiff during the inspection, specifically the shed, hot tub, plumbing, patio cover, guest room and storage room. This is evidenced by the adjuster's estimate which severely undervalued and /or omitted much of the damages.

13. As a result of the unreasonable investigation of Plaintiff's claim (including not providing full coverage for the damages sustained by Plaintiff and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiff to repair their property), Plaintiff's claim was improperly and unreasonably adjusted. The mishandling of Plaintiff's claim

Page 3

has also caused a delay in his ability to make necessary repairs to the Property, which has resulted in additional and consequential damages. To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

14. As detailed in the paragraphs below, Maison wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Maison underpaid some of Plaintiff claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during the investigation.

15. To date, Maison continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid any amount for the damages to his property.

16. Defendant Maison failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Maison's conduct constitutes a breach of the insurance contract between Maison and Plaintiff.

17. Defendant Maison misrepresented to Plaintff that the damage to the Property was not covered under the Policy, even though the damage was

caused by a covered occurrence. Defendant Maison's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendant Maison failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant Maison's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Defendant Maison failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant Maison failed to offer Plaintiffs adequate compensation, without any valid explanation why full payment was not being made. Furthermore, Defendant Maison did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Maison's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Defendant Maison refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Maison failed to conduct a reasonable investigation. Specifically, Defendant Maison performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21. Defendant Maison failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning and investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Maison's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.055.

22. Defendant Maison failed to accept or deny Plaintiff's full and entire claim within failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Maison's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23. Defendant Maison failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff have not received full payment for the claim. Maison's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24. From and after the time Plaintiff's claim was presented to Defendant Maison, the liability of Maison to pay the full claim in accordance with the terms of

the Policy was reasonably clear. However, Maison has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Maison's conduct constitutes a breach of the common law duty of good faith and fair dealing.

25. Defendant Maison knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

26. As a result of Defendant Maison's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

## CAUSES OF ACTION:

## CAUSES OF ACTION AGAINST MAISON

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

27. Defendant Maison is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

28. Defendant Maison's conduct constitutes a breach of the insurance contract made between Maison and Plaintiff.

29. Defendant Maison's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy

in question, and under the laws of the State of Texas, constitutes a breach of Maison's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

30. Defendant Maison's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

31. Defendant Maison's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

32. Defendant Maison's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Maison's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

33. Defendant Maison's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

34. Defendant Maison's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35. Defendant Maison's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

36. Defendant Maison's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

37. Defendant Maison's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

38. Defendant Maison's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

39. Defendant Maison's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40. Defendant Maison's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

41. Defendant Maison's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Maison knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

KNOWLEDGE

4. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

43. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

44. As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Maison's mishandling of Plaintiff's claim in violation of the laws set forth above.

45. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

46. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

47. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

48. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

49. For the prosecution and collection of its claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of its action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

50. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Nueces County, Texas.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

51. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff request the award of attorney's fees for the trial and any appeal of its case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled. In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

Respectfully submitted,

CARRIGAN & ANDERSON, PLLC

/s/David M. Anderson
**David M. Anderson**
State Bar No. 24064815
**Stephen P. Carrigan**
State Bar No. 03877000
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
danderson@ccatriallaw.com
scarrigan@ccatriallaw.com
Legal assistant: wwatson@ccatriallaw.com
Legal assistant: adominguez@ccatriallaw.com
Legal assistant: egutierrez@ccatriallaw.com

**ATTORNEYS FOR PLAINTIFFS**